**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAWRENCE VERLINE WILDER, SR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 11-1083** |
| | ) | **Magistrate Judge Maureen P. Kelly** |
| **UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Lawrence Verline Wilder, Sr., has presented a personal injury complaint against Defendant United States, setting forth a claim for over 100 alleged sexual assaults which Plaintiff contends occurred in the Federal Detention Center in Philadelphia and in the Federal Medical Center in Butner, North Carolina, after he was allegedly drugged into a state of unconsciousness and which he attempted to prove by refusing to shower for over five months to "preserve the evidence." [ECF No. 1-1, p. 1]. Subsequently, on September 9, 2011, the Court entered an Order advising the Plaintiff that he failed to submit a Motion to Proceed In Forma Pauperis, with the appropriate supporting documentation, or in the alternative, to pay the filing fee with the Court and that Plaintiff was to rectify these omissions by September 23, 2011. [ECF No. 2]. Plaintiff failed to file a response and on September 29, 2011, the Court entered an Order to Show Cause why this action should not be dismissed for Plaintiff's failure to comply with the September 9, 2011 Order. [ECF No. 3]. To date, Plaintiff has failed to respond.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In

determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1)     The extent of the party's personal responsibility.

(2)     The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)     A history of dilatoriness.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith.

(5)     The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)     The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors Nos. 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders. Plaintiff's failure to respond to the September 9, 2011, Order advising him to file the appropriate Motion to Proceed IFP or to pay the filing fee by September 23, 2011, was not only solely his personal responsibility but his failure to do so even four weeks later after the entry of the Order to Show Cause appears willful and constitutes a history of dilatoriness.

With respect to Factor No. 2 -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than being named as a Defendant in this action, there appears to be no specific prejudice to Defendant other than general delay. Similarly, Factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without payment of the filing fee, it does not appear that monetary

sanctions are appropriate.  Moreover, because Plaintiff has failed to respond this Court's Orders, it appears that Plaintiff has no serious interest in pursuing this case against Defendant. Therefore, dismissal is the most appropriate action for this Court to take, and the complaint in the above-captioned case is dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).  Accordingly,

this 1st day of November, 2011,  IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE .

BY THE COURT


/s/  Maureen P. Kelly
United States Magistrate Judge


cc:    Lawrence Verline Wilder, Sr.
       54783-056
       Federal Medical Center
       P.O. Box 1600
       Butner, SC 27509

3